This action was instituted before a justice of the peace in the City of St. Louis. On trial *Page 669 
before the justice, judgment was rendered in favor of the appellant. Respondent appealed to the circuit court; and after trial before the court without a jury, judgment was rendered in favor of respondent, for $500. In the circuit court the respondent filed an amended petition, which was in two counts. Respondent alleged that he was employed by appellant, for a period of one year, beginning August 1, 1913, and ending August 1, 1914, to introduce and sell plaster in the City of St. Louis, Missouri and the vicinity thereof; that respondent was to be the exclusive agent of appellant in this territory, and was to receive a commission of $1 a ton for every ton of plaster sold and shipped into this territory during the year; that respondent performed all the conditions of the contract, but that on the 10th day of October, 1913, the appellant, without cause, discharged respondent and contracted with others for the sale of its product in this territory.
The first count in the petition seeks to recover $450 as damages, on account of lost earnings respondent would have made from the date of his discharge until the 17th of March, 1914.
The second count in the petition is for $50 which respondent claims is due him as commission for goods sold, between the date of his employment and the date of his discharge.
The evidence offered on the part of respondent tended to show that the $50 was due him as a commission for goods sold, as alleged in the second count of his petition; also that he had been instrumental in selling 2,000 tons of appellant's products to one, Rowan, prior to the date of his discharge, and that prior to the time of his employment by appellant, he was employed by the Roman Nose Gypsum Company, a company which handles similar products to those of appellant, and over the objections and exceptions of appellant, he was permitted to testify as to his earnings while employed by the Roman Nose Gypsum Company. Appellant denied employing respondent for a year, but claimed that it only *Page 670 
employed him for the purpose of making a few sales which had been completed, and for which respondent had been paid. Upon the trial, the court rendered judgment, as stated above, for the sum of $500, the whole amount asked for in respondent's petition. From this judgment appellant brings this case to this court upon appeal.
Appellant urges only one assignment of error before this court, and that is that the trial court erred in permitting plaintiff-respondent to introduce, as a measure of his damages, evidence as to what salary he had earned while in the employment of the Roman Nose Gypsum Company. Respondent contends that there was sufficient evidence upon which to base this verdict, without the evidence complained of, and that therefore its admission was harmless, but we do not think so. Respondent cites the case of Sluder v. St. Louis Transit Company, 189 Mo. 107, 88 S.W. 648, in support of the contention that this evidence was competent. This case, however, is not in point, and does not support the theory of the respondent. In that case, a doctor who was suing the Transit Company for injuries sustained by him, was permitted to testify as to what his earnings were for the corresponding months of the previous year. No objection was made when the question was asked, and no motion was made to strike out the answer, but even as appearing in the record, it only tended to show his lost earnings for certain months by showing his actual earnings as a physician, under the same conditions, for the corresponding months of the previous year. In the case of Roth v. Spero, 96 N.Y. Supplement, 211, a case almost identical with this one, it was held that the admission of such testimony was reversible error. It will be noted that the first count in petition seeks to recover on account of a breach of said contract for lost earnings which he might have earned if permitted to continue his employment with the appellant, and for such breach of contract he sought to recover the sum of $450. *Page 671 
In the second count he sought to recover $50 as commission due him for sales made between the date of his employment and his discharge. The court having found for the entire amount sued for, it cannot be said that there was sufficient testimony upon which to base this judgment, if the testimony complained of is eliminated. The court may have found from the evidence that respondent was entitled to commission on the two thousand tons of appellant's products sold Rowan, but respondent only seeks $50 as commission for goods sold. Therefore the court must have taken into consideration the testimony as to what respondent earned while employed by the other company, and especially in view of the fact that when respondent was recalled, the court examined him upon this phase of the case again. That the action of the trial court, in permitting respondent to testify as to his earnings while employed by another company prior to his employment by appellant was error, is clear. The terms of employment were not shown to have been identical or the commissions the same. It is also clear that the court, sitting as a jury, considered this testimony in rendering the judgment below, and as said in Roth v. Spero, supra, loc. cit. 213, where the court was speaking upon an almost identical proposition, "it scarcely needs anything further than the statement of the admission of this evidence to demonstrate its irrelevancy and impropriety."
Therefore, the Commissioner recommends that the judgment nisi be reversed and the case remanded.